PER CURIAM.
Defendant Werner Obleton, Jr. was charged with distribution of heroin in violation of La.R.S. 40:966, was tried before a jury of twelve persons, and on December 18,1974 was found guilty as charged. Subsequently the trial court sentenced defendant to imprisonment at hard labor for life without benefit of probation, parole or suspension of sentence. Defendant now appeals his conviction and sentence to this Court.
We have reviewed the assignments of error argued in brief and conclude that they do not form the basis for a reversal of defendant’s conviction. With respect to defendant’s challenge to the constitutionality of the life sentence for distribution of heroin, this argument has recently been rejected by this Court. State v. Terrebonne, 364 So.2d 1290 (La.1978); State v. Mallery, 364 So.2d 1283 (La.1978). However, we do note, ex proprio motu, that the sentence imposed in this case does not conform with the appropriate penalty provision of La.R.S. 40:966 applicable to this prosecution. The applicable provision, that which existed pri- or to the statute’s amendment by Acts 1977, No. 631, § 1, provided for a sentence of life imprisonment at hard labor and allowed, as an option, the imposition of a fine. The statute did not then bar probation or parole. Thus the sentence pronounced exceeded the statutory requirements, and must be set aside with the case remanded for sentencing in strict conformity with the applicable penalty provision of the statute defendant was found to have violated. See State v. Wilson, 362 So.2d 536 (La.1978); State v. Lindsey, 351 So.2d 1178 (La.1977).
*1106 Accordingly, defendant’s conviction is affirmed, but the sentence imposed is vacated and set aside, and the case is remanded to the district court for resentencing in accordance with the applicable provisions of La. R.S. 40:966.