464 So.2d 470 (1985)
STATE of Louisiana
v.
Leon THOMAS.
No. 84 KA 1095.
Court of Appeal of Louisiana, First Circuit.
February 26, 1985.
Ossie Brown, Dist. Atty. by Joe Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen S. Richey, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
On July 28, 1976, defendant, Leon Thomas, was found guilty of distribution of heroin, in violation of LSA-R.S. 40:966(A)(1). Subsequently, he was sentenced to life imprisonment at hard labor. In pronouncing sentence, the trial court stated:
That the law reads, Article 966B, that any person who violates this section, upon conviction shall be sentenced to life imprisonment at hard labor. That is the mandatory requirement. The court has no choice. Therefore, the court transfers you to the custody of the Department of Corrections, thereunder the provisions of the statute and, therefore, sentenced to a term of life imprisonment at hard labor. You have the absolute right to appeal *471 your conviction with 15within 15 days from this date. You understand that?
On September 21, 1983, at a hearing on an application for writ of habeas corpus (which was converted into an application for post-conviction relief), it was stipulated that if the sentencing judge was called to testify, he would testify that he did not have any independent recollection of the sentencing of defendant, nor did he recall if he knew whether or not probation or suspension were sentencing options at the time the defendant was sentenced. It was further stipulated that if he did know of the possibility of probation or suspension options, that he would still have sentenced defendant to life imprisonment "without benefit of probation, parole or suspension of sentence."[1]
On November 18, 1983, consistent with the findings and recommendations of the Commissioner of the 19th Judicial District Court, the sentence to life imprisonment previously imposed was set aside. A sentencing hearing (after being scheduled and rescheduled several times) was ultimately scheduled for June 19, 1984, and a presentence investigation and report was ordered. On June 19, 1984, defendant was resentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence, and this appeal resulted[2].
Thomas appeals alleging one assignment of error, namely, the trial court imposed an excessive sentence.
LSA-R.S. 40:966(B)(1), at the time of the commission of the instant offense, provided "... upon conviction shall be sentenced to life imprisonment at hard labor and, in addition, may be required to pay a fine of not more than Fifteen Thousand Dollars."
At the sentencing hearing on June 19, 1984, the trial court stated:
All right, as stated, this matter is before the Court for re-sentencing, and the Court notes that under the statute which was in effect at the time of the commission of the crime, the defendant was eligible for probation and suspension of sentence under Article 893, and the Court now having received all information deemed appropriate does therefore sentence the defendant as follows. The defendant shall be committed to the custody of the Louisiana Department of Corrections to be imprisoned with hard labor for a period of life without benefit of parole, probation or suspension of sentence on the charge of Distribution of Heroin. In pronouncing this sentence and in accordance with the provisions of Article 894.1 of the Louisiana Code of Criminal Procedure, the Court cites that confinement is appropriate because there is an undue risk that during the period of a suspended sentence or probation, the defendant would commit another crime, and the Court cites the defendant's extensive arrest record dating back to 1972. Although technically classified as a first felony offender, the defendant has two prior felony convictions as reflected in his criminal record which is attached hereto and made a part hereof in its entirety. A lesser sentence would deprecate the seriousness of the defendant's crime, and the Court cites the fact that Distribution of Heroin is a heinous crime as classified by the Louisiana Legislature and, of course, which has imposed the severe penalty. Mr. Thomas, you are now advised that it is your right to appeal from the judgment and sentence....
Defendant contends on this appeal that the trial court abused its discretion in imposing a sentence of life imprisonment at hard labor and that sentence should have been suspended and he should have been placed on supervised probation, which was discretionary with the Court under LSA-C. Cr.P. art. 893[3]. We disagree that defendant *472 should have received a suspended sentence.
Once there is compliance with the sentencing criteria of LSA-R.S. 894.1, a sentence will not be set aside in the absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
Upon review of the record, we find that the trial court carefully considered pertinent guidelines listed under LSA-C. Cr.P. art. 894.1 and properly scheduled a full and complete sentencing hearing. At this hearing, the trial court listened to testimony from the defendant's mother who testified that defendant had a dependent child, that he had held several jobs prior to imprisonment, and that a job was available to him should he receive probation. Nevertheless, the trial court, after giving consideration to LSA-C.Cr.P. art. 893 and adhering to the guidelines of LSA-C.Cr.P. art. 894.1, sentenced defendant to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. There was ample information to justify the trial court's imposing an unprobated sentence, and we find no abuse of discretion on the part of the trial court.
While we find no abuse of discretion on the part of the trial court in refusing to sentence the defendant to a period of probation, we note ex proprio motu that a portion of the sentence imposed was illegal. LSA-C.Cr.P. art. 920(2). At the time of the commission of this offense on November 14, 1975, the appropriate penalty for distribution of heroin was life imprisonment at hard labor without any qualification as to the defendant's eligibility for parole, probation or suspension of sentence. LSA-R.S. 40:966. Although at the time of sentencing, LSA-R.S. 40:966(B)(1) provided a sentence of life imprisonment at hard labor without benefit of probation or suspension of sentence, it is not the penalty provision at the time of sentence that is applicable, but the penalty provision in effect at the time of the commission of the offense. State v. Sullivan, 359 So.2d 186 (La.1978); See Also State v. Lindsey, 351 So.2d 1178 (La.1977). Therefore, the trial court erred in sentencing the defendant to imprisonment with hard labor for life without benefit of parole, probation or suspension of sentence. State v. Sullivan, supra.
LSA-C.Cr.P. art. 882, as amended by Act No. 587, § 1 of 1984, provides as follows:
Art. 882. Correction of illegal sentence; review of illegal sentence
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition.
C. Nothing in this Article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
Therefore, pursuant to the above, we herein delete from the sentence of the defendant that portion which provides "without benefit of parole, probation or suspension of sentence," and as so amended, the sentence is affirmed.
AMENDED AND AFFIRMED.
NOTES
[1] Although this was the stipulation, the original sentence did not provide "without benefit of probation, parole or suspension of sentence".
[2] See Footnote 1, supra.
[3] Art. 893(A) provides:

When it appears that the best interest of the public and of the defendant will be served, the court, after conviction of a felony for which the punishment is with or without hard labor or a felony which is a violation of the Controlled Dangerous Substances Law of Louisiana, noncapital felony, may suspend for the first conviction only the imposition or execution of any sentence, where suspension is allowed under the law and in either case place the defendant on probation under the supervision of the division of probation and parole supervision. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal.