LANIER, Judge.
The defendant, Carlos Grant, was charged by bill of information with aggravated burglary in violation of La.R.S. 14:60. Defendant pled not guilty and, after a trial by jury, was found guilty of the responsive verdict of simple burglary, a violation of La.R.S. 14:62. Defendant was sentenced to be confined in the custody of the Department of Corrections for a period of 12 years without parole or probation. This appeal followed.
PATENT ERROR REVIEW
Counsel for the defendant asserts that “[n]o procedural nor substantive errors existed in pre-trial proceedings, nor during the trial of this matter” and “requests the court to review the record for error patent on the face of the record.”
In criminal cases, an appellate court may only consider errors designated in an assignment of error and errors “discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.” La.C.Cr.P. art. 920. The only assignment of error herein is that of patent error. For purposes of a patent error check, the record includes the caption, the statement of time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the mentioning of the impaneling of the jury, the verdict, the judgment of sentence, the bill of particulars filed in connection with a *902 short form indictment or information and, in a capital case, a minute entry indicating that the jury had been sequestered. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Craddock, 307 So.2d 342 (La.1975); State v. Ferguson, 474 So.2d 964 (La.App. 5th Cir.1985).
Our review of the record reveals only one patent error. La.R.S. 14:62 provides that the maximum authorized sentence for simple burglary is to “be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.” This statute does not provide that the imprisonment shall be without benefit of probation or parole. Disallowing probation and/or parole when the pertinent statute does not authorize such is patent sentencing error. State v. Cain, 382 So.2d 936 (La.1980); State v. Obleton, 365 So.2d 1105 (La.1978).
An illegal sentence may be corrected by an appellate court on review. La.C.Cr.P. art. 882(A). The sentence actually imposed shows the intent of the trial court that the defendant receive the maximum imprisonment authorized by law. Accordingly, we will correct the sentence by deleting therefrom the portion disallowing probation and parole. State v. Thomas, 464 So.2d 470 (La.App. 1st Cir.1985). In all other respects, the conviction and sentence are affirmed.
DECREE
For the foregoing reasons, that portion of the sentence disallowing probation and parole is set aside; in all other respects, the conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.