| ¡.CARTER, C.J.
Peter Martin (defendant) was charged by bill of information with six separate counts of violations of LSA-R.S. 40:966A(1) and LSA-R.S. 40:967A(1). Count I charged possession of marijuana with the intent to distribute and Counts II through V charged distribution of marijuana, all counts that involved the breach of LSA-R.S. 40:966A(1) and occurred between June 12, 2000, and July 20, 2000. The sixth count, which is the focus of this appeal, charged distribution of cocaine (LSA-R.S.40:967A(1)) on or about July 20, 2000.
Defendant entered into a plea agreement with the judge whereby the judge agreed to sentence him under a new and more lenient statute. Defendant withdrew his initial pleas of not guilty and pled guilty to all six charges on August 2, 2001. He then waived any delays before sentencing. On Counts I through V, defendant was sentenced to serve five years at hard labor, with three years of each sentence suspended and all sentences to be served concurrently. On Count VI, defendant was sentenced to serve two years with the Louisiana Department of Public Safety and Corrections to be served concurrently with the time given to him for the marijuana convictions. Further on Count VI, the two years were to be served without benefit of probation, parole, or suspension of sentence.
*154 Contemporaneous to the pronouncement of the sentences came an objection from the state that the sentence in Count VI was illegally lenient. The objection by the state was overruled by the trial judge, and the objection was noted for the record. The state appeals this singular issue. Finding merit in the state’s argument, we vacate the sentence on Count VI.
An assessment of the validity of the state’s assignment of error entails a review of the 2001 Louisiana Legislature’s multiple changes to the drug offenses and their sentences in'Title 40 of the Louisiana Revised Statutes. One of the crimes for which defendant pled guilty and was sentenced, distribution of cocaine, occurred on July 20, 2000’. Between that date and the date of his guilty plea on August 2, 2001, the Louisiana Legislature, via Act No. 403 of 2001, lessened the penalties for narcotic-drug possession and distribution.
|sThe following is an excerpt from 2001 Louisiana Acts, No. 403, Section 4, which, inter alia, amended LSA-R.S. 40:967B(4)(b):
Distribution, dispensing, or possession with intent to produce, manufacture, distribute or dispense cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule 11(A)(4) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than two'years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
The act,, which became effective on June 15, 2001, deleted the five-year mandatory-minimum sentence, replacing it with a two-year minimum.
Section 6 of Act 403 specified that this amendment would have only “prospective effect.” The state argued that defendant should have been sentenced under the law as it existed before the amendment, i.e., the law in effect at the time of the commission of the offense. Defendant argued that the new amended vex-sion of LSA-R.S. 40:967B(4)(b) applies to those cases where the defendant is sentenced after the effective date of the statute. The trial court agreed with the defense argument.
The basic definition of “prospective” is “effective or operative in the future.”[2] The legislature was silent in Act 403 as to whether prospective effect was to be given from the date of sentencing or the date of the commission of the offense. The state and the defense differ in their interpretations of the application of this amendment.
In State v. Wright, 384 So.2d 399, 401 (La.1980), the Louisiana Supreme Court held that “the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer.” This has been the rule of law consistently applied by the courts of this state. The First Circuit stated that the penalty provision in effect at the time of the commission of the offense, not at the time of sentencing, is applicable. State v. Thomas, 464 So.2d 470, 472 (La.App. 1st Cir.1985). The Second Circuit held that a criminal offense is punishable according to the statutory penalties in effect when the offense was committed. State v. Bryan, 535 So.2d 815, 820 (La.App. 2nd Cir.1988). In State v. Sugasti, 01-0770 (La.App. 5th Cir.11/27/01), 802 So.2d 943, writ granted, 01-3407 (La.2/22/02), 810 So.2d 1133, the Fifth Circuit followed Wright and Bryan in holding that Act 403 does not apply to defendants *155 whose crimes were committed before the effective date of the statute.
Defendant relies on State v. Clark, 391 So.2d 1174, 1176 (La.1980), and contends that, even if the law in effect at the time of the offense is applicable, the judge was obliged to consider that the legislature reduced the penalty for his offense. In Clark, however, the court was evaluating the excessiveness of the sentence and concluded that an ameliorative change in the penalty provision of a statute that occurs after the commission of the offense is only a factor to be weighed by the trial judge in imposing sentence. Although Clark indicates that the trial judge should consider the legislative change, it does not allow the trial judge to deviate from the penalty provision in effect at the time of the commission of the offense.
In State v. Jones, 99-2207, p. 6 (La.1/29/01), 778 So.2d 1131, 1134 (per cu-riam), the Louisiana Supreme Court stated that “the legislature’s subsequent changes in pertinent law remain a relevant sentencing consideration within the limits fixed by law at the time of the commission of the crime.” Louisiana Revised Statute 24:171 provides:
The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.
(Emphasis added).
The trial court did not articulate any of the numerous mitigating circumstances that it could have considered under LSA-C.C.P. art. 894.1, nor did it tailor the sentence to this defendant in order to deviate downwardly from the mandatory-minimum sentencing requirements. In fact, defendant, who was charged with multiple acts of distribution of Schedule I and Schedule II controlled dangerous substances on six different occasions, received a total of two years of incarceration since all sentences were to be served concurrently. With good-time considerations, even this amount of time could be lessened.
| sAlthough the trial judge was permitted to consider the ameliorative changes, she erred when she sentenced defendant to a term of imprisonment below the minimum sentence that was statutorily required at the time of the commission of Count VI, five .years’ imprisonment at hard labor without parole, probation, or suspension of sentence.
Finding merit in the state’s assignment of error pertaining to Count VI, we vacate the illegally lenient sentence and order the case remanded to the trial court with instructions to sentence defendant, if he maintains his guilty plea, in compliance with the sentencing provisions in effect at the time of the commission of the offense. Because we have found the sentence on Count VI -to be illegally lenient, the plea agreement is hull, and defendant must be allowed to withdraw his guilty pleas as to Counts I through VI, if he so desires.
SENTENCE VACATED ON COUNT VI; REMANDED WITH INSTRUCTIONS.

. Black’s Law Dictionary 510 (New Pocket ed.1996).