CALOGERO, Justice.*
This case arose when relator, a junior high school vocal music teacher employed by the Orleans Parish School Board, applied for a sabbatical leave for professional improvement. After the school board rejected her application, relator filed a mandamus proceeding in the district court seeking to compel the board to grant the leave.[1] The district court denied the mandamus application and the Court of Appeal affirmed. We granted writs to review the lower court rulings. 376 So.2d 1269 (La.1979).
The facts of the case are not in dispute. Relator Frances Collins was employed by the Orleans Parish School Board in August of 1974 as a junior high school vocal music teacher. She is certified to teach all grades of vocal music and has a Master’s degree in music education. At the time of her application relator had taught continuously for six consecutive semesters. Prior to the 1977-78 school year relator timely applied for a sabbatical leave for the purpose of professional improvement stating in her initial application that she planned to take two courses, “Vocal Pedagogy” and “Systems of Teaching Voice” at the Loyola University School of Music. She later amended her application to indicate that she would take “Style Analysis I” and “Opera Literature” instead. On August 4, 1977 she was notified by the board that her application had been rejected.
The notification letter indicated that the reason for the rejection was that
“[tjhere was no assurance of mutual benefit. The courses planned do not appear to contribute substantially to the teacher’s ability to perform her present tasks nor do they offer the promise of the kind of growth needed for the future in her present position.”
Following the rejection relator applied for and was granted leave without pay to pursue study at Florida State University.
To be eligible for a sabbatical leave under Louisiana law, a teacher must be in active service for twelve or more consecutive semesters for a two semester sabbatical leave and six or more consecutive semesters for a one semester leave. R.S. 17:1171. The teacher must also comply with R.S. 17:1172-74 and make timely application for the leave. If the leave is for the purpose of professional improvement to pursue a course of study, the teacher must during each semester of leave “pursue a program of study, earning at least ten undergraduate, or six graduate, credit hours, at an institution of higher learning . . . ” (R.S. 17:1177) and make periodic reports of the manner in which the leave is being spent. R.S. 17:1178. If a teacher fails to comply with the requirements of R.S. 17:1177 and 1178, the leave may be terminated at any time. R.S. 17:1179.
Under R.S. 17:1176, applicants for sabbatical leave who are ineligible or who have not complied with the procedural provisions of R.S. 17:1172-74 shall have their applications rejected. The statute further provides that “all other applicants shall have their applications granted.” R.S. 17:1176 provides as follows:
“Any applicant who, at the expiration of the semester in which he applies, is ineligible for the sabbatical leave requested or who has not complied with the provisions of R.S. 17:1172 through 17:1174, shall have his or her application rejected, but all other applicants shall have their applications granted, provided that all leaves requested in such applications could be taken without violating the *338 following provision: At no time during the school year shall the number of persons on sabbatical leave exceed five per centum of the total number of teachers employed in a given parish; in cases of sick leave this limit of five per centum may be exceeded.” (Emphasis provided.)
Applicant contends that under R.S. 17:1176 when a teacher has satisfied the eligibility and procedural requirements of R.S. 17:1171-74 and there are fewer than 5% of the teachers in the parish on sabbatical leave, the board has no discretion to reject an application when the teacher has applied for professional leave to pursue a course of study at an accredited educational institution. Alternatively she contends that even if the board has some discretion, the board in the instant case abused that discretion in finding that her planned course of study did not qualify her for leave for professional improvement.
In rejecting relator’s request for a sabbatical leave the board did not find that she was ineligible or that she had failed to comply with R.S. 17:1172-74; and it was stipulated at trial that at the time of relator’s application, fewer than 5% of the parish’s teachers were on leave. Furthermore relator’s application indicated that she planned to comply with the requirement under R.S. 17:1177 that she take either ten undergraduate or six graduate level credit hours at an accredited educational institution. The only reason for the board’s rejection of relator’s application was that her planned course of study would not “contribute to the teacher’s ability to perform her present tasks . . . nor offer the promise of the kind of growth needed for the future in her present position.”
Under the express language of R.S. 17:1176, the legislature has provided that only the applications of those teachers who are ineligible for leave or who have failed to comply with the provisions of R.S. 17:1172-74 shall be rejected and that “all other applicants shall have their applications granted” provided there are fewer than 5% of the teachers in the parish on leave. The legislature has not provided that when a teacher seeks a sabbatical leave for the purpose of “professional improvement” and plans to comply with the requirements that he or she take the stated number of semester credit hours, the school board may reject the application on the basis that the planned course of study will not contribute to the teacher’s ability to perform in his or her present position.
The legislature’s intent that the board not be given such discretion to reject applications of otherwise qualified applicants on the basis of the course content they plan to pursue is made evident by perusal of the 1977 amendment to R.S. 17:1177. By Acts 1977, No. 715, § 1, effective the beginning of the 1978-79 school year, the legislature amended R.S. 17:1177 to provide that when sabbatical leave is sought for the purpose of “professional or cultural improvement” and the teacher intends to do independent study or to engage in travel, the independent study or travel must be “approved by the employing school board.”[2] The legislature’s specifically providing school boards with discretion in the areas of improvement through independent study or travel accents the absence of simi *339 lar amendment allowing the boards discretion where professional improvement sabbatical leave is sought to pursue a course of study.
Implicit in the requirement that a teacher take six graduate or ten undergraduate credit hours at an accredited educational institution is the assumption that such course of study will contribute to a teacher’s professional improvement. And while a school board may have some discretion to deny an otherwise qualified applicant a leave for professional improvement if the proposed course of study is of no possible professional benefit, we need not here determine the nature and extent of that discretion, for in the instant case the Orleans Parish School Board clearly abused whatever discretion it may have. At the time of her application for sabbatical leave, relator was teaching vocal music at the junior high school level. Her proposed course of study consisted of two three-hour graduate level music courses at an accredited university. The board’s finding that the courses would be of no professional benefit to relator was clearly an abuse of whatever discretion the board might have in this area. We therefore conclude that the district court erred in denying relator’s application for a writ of mandamus and in failing to compel the Orleans Parish School Board to grant the requested sabbatical leave.
After oral argument, the Orleans Parish School Board filed a motion seeking a remand of this case so that the present employment status of relator might be determined after taking evidence in the district court. In that motion, the board argues that if relator is no longer an employee of the Orleans Parish School Board her application seeking to mandamus the board to grant her leave in the future must be denied. Alternatively, the board argues that even if the district court were to find that relator is still employed by the board, her leaves of absence without pay for the school years of 1977 and 1978 and her absence without leave during the 1979-80 school year have interrupted her services to the board and therefore make her ineligible for leave under R.S. 17:1171.
The issue of whether relator is presently an employee of the Orleans Parish School Board is relevant only insofar as her mandamus application can be construed as seeking to compel the board to grant a sabbatical leave subsequent to this date. Insofar as her mandamus application sought to compel the board to grant the leave for the fall semester of 1977, her present employment status is irrelevant. Her eligibility for that leave is to be determined as of the time of her application; any change in the status of her employment or eligibility since that date would not affect any relief to which she might be entitled.
Because of the judicial delays attendant upon appeal of the trial court’s denial of the mandamus application, the sabbatical leave to which relator was entitled was not granted for the period requested, and she consequently chose to take a leave without pay during which she took courses at Florida State University. Admittedly, relator might have sought expedited review of the trial court’s ruling under the supervisory jurisdiction of the Court of Appeal and this Court. However, considering the delays incident to the consideration of, grant, and disposition of a writ, it is unlikely that she could have obtained a judgment prior to the semester for which she requested leave.
Relator’s inability to obtain review of the trial court’s erroneous ruling is due to the delays inherent in our judicial system. She should not be left without a remedy under these circumstances. And indeed she may still, by amendment of her pleadings, convert the mandamus application into an appropriate action seeking the pay to which she was entitled during the fall semester of 1977.
Although this Court under Code of Civil Procedure, Article 2164 may render “any judgment which is just, legal, and proper upon the record on appeal” and could construe relator’s petition as an action for back pay, we deem it preferable in this case to remand the matter to the district court with leave to relator to amend her plead *340 ings and thereafter prove the amount of pay to which she claims entitlement.

Decree

For the foregoing reasons the rulings of the district court and the Court of Appeal dismissing relator’s petition are reversed and the case remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BLANCHE, J., dissents and assigns reasons.

 Honorable EDWARD A. de la HOUSSAYE III participated in this decision as an Associate Justice Pro Tempore.

. The mandamus proceeding was originally filed by three plaintiffs. The other two plaintiffs withdrew their claims against defendant before judgment in the district court.

. R.S. 17:1177 as amended by Acts 1977, No. 715, § 1 provides as follows:
“Every person on sabbatical leave for the purpose of rest and recuperation shall spend such leave in a manner calculated to attain that purpose.
Every person on sabbatical leave for the purpose of professional or cultural improvement shall, during each semester of leave:
(1)Pursue a program of study, earning at least ten undergraduate credit hours, six graduate credit hours, or be certified a full-time student at an institution of higher learning accredited by the board of education of the state or territory in which such institution is located, provided that in case less than fifteen weeks is so spent the number of weeks less than fifteen not so spent shall be spent in one or the other of the two alternatives below enumerated:
(2) Pursue a program of independent study, research, authorship or investigation which involved an approximately equivalent amount of work and which is approved by the employing school board; or
(3) Engage in travel which is so planned as to be of definite educational value and which is approved by the employing school board.”