391 So.2d 1174 (1980)
STATE of Louisiana
v.
Mancel CLARK.
No. 80-KA-1609.
Supreme Court of Louisiana.
December 15, 1980.
*1175 Frank T. Salter, Jr., Steven W. Hale, Salter, Streete & Hale, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., David W. Burton, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, Mancel Clark, was convicted by a jury of theft of livestock, La.R.S. 14:67.1, and sentenced to thirty months at hard labor. Defendant appeals from his sentence, arguing two assignments of error: (1) The trial court failed to comply with the sentencing guidelines of Louisiana Code of Criminal Procedure Article 894.1; (2) The trial court imposed as excessive sentence in violation of Article 1, Section 20 of the Louisiana Constitution. Finding merit in these assignments, we vacate the sentence and remand for re-sentencing.
Defendant, a forty-two year old father of three minor children, committed his first criminal offense, theft of a calf, on August 29, 1979. Defendant gave a statement to law officers that he shot the calf with the intent to store the meat in his freezer. However, when his crime was discovered, defendant attempted to conceal evidence by throwing his rifle in the Sabine River and dumping the carcass in an isolated area. Defendant pleaded not guilty to the charge, but was found guilty by a jury.
In his assignments of error defendant argues that the trial judge failed to comply with the sentencing guidelines of Article 894.1 in that he failed to take into account the recent amendment of 14:67.1, which lessened the penalty for first offense theft of livestock, and two recent opinions of this Court. At the time of the offense the penalty for first offense theft of livestock was imprisonment at hard labor for not less than one nor more than ten years. La.R.S. 14:67.1 as amended by Acts 1978, No. 222 § 1. By act number 184 of 1979 the legislature amended the penalty for first offense theft of livestock by providing that the offender shall be imprisoned for not more than one year in jail and fined no more than one thousand dollars or both. Defendant committed his offense nine days before the effective date of the statute which reduced the maximum penalty for livestock theft. In State v. Wright, 384 So.2d 399 (La.1980) and State v. Doxey, 384 So.2d 402 (La.1980) this Court held, in cases involving livestock thefts occurring shortly after the statutory penalty reduction, that the trial judge should have considered the legislative amendment before imposing sentence on the defendant. In this case the record does not indicate that the judge took cognizance of the amending legislation in making his determination that a thirty-month sentence was warranted. However, after the judge pronounced sentence, defense counsel objected to it as excessive, pointing out that "the maximum penalty that could be imposed on today's market would be one year in jail." The trial judge responded only by saying, "Let the objection made by counsel be noted in the record."
*1176 Where there has been an ameliorative change in the penalty provision of a statute that takes effect after the date of the offense, but before trial or final judgment, it is the rule in this state that the penalty provision in effect at the time of the offense is the applicable provision.[1]State v. Dreaux, 205 La. 387, 17 So.2d 559 (1944). See also State v. Wright, supra; State v. Paciera, 290 So.2d 681, 687-88 (La. 1974). However, as pointed out in Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859, 874 (1976) (Opinion of Justices Stewart, Powell and Stevens) "an assessment of contemporary values concerning the infliction of a challenged sanction is relevant to the application" of the Eighth Amendment's ban against cruel and unusual punishment. It is no less relevant to the inquiry of whether a particular penalty is excessive. And it has been acknowledged that legislative enactments provide an important means of ascertaining contemporary values. Id. at n. 19. Inherent in mitigatory changes in penalty provisions of an offense is a legislative determination that the present law is inappropriate, Comment, Today's Law and Yesterday's Crime: Retroactive Application of Ameliorative Criminal Legislation: 121 U.Pa.L.Rev. 120, 138 (1972), and that the lesser penalty is sufficient to meet the legitimate ends of the criminal law. In re Estrada, 63 Cal.2d 740, 408 P.2d 948, 952, 48 Cal.Rptr. 172 (1965); People v. Oliver, 1 N.Y.2d 152, 134 N.E.2d 197, 201-02, 151 N.Y.S.2d 367, 373-74 (1956).
We conclude that the trial judge erred by not giving the legislative change of penalties any weight in his sentence determination. Moreover, we find that on the facts of this case a sentence of thirty months at hard labor is clearly excessive. In State v. Sepulvado, 367 So.2d 762 (La. 1979), this Court held that the guidelines of Code of Criminal Procedure Article 894.1 provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies *1177 confinement rather than less onerous sentencing alternatives. Applying these criteria we conclude that a sentence of more than one year would be excessive on the facts of this case.
Our review of the record discloses salient facts about the defendant to which the trial judge attached too little importance in deciding upon the sentence. The record reflects that the defendant was a man of forty-two years of age with no prior criminal record. The defendant at the time of sentencing was married to a woman who was not in good health, he was contributing to the support of his three minor children, and he was gainfully employed.
In finding that a sentence of thirty months imprisonment at hard labor was appropriate, the trial judge stated that a suspended sentence would "depreciate [sic] the seriousness of [the] crime." The trial judge could not have reached these conclusions had he given due weight to the legislative revision of the penalty which became effective just nine days after this offense, providing for a maximum sentence of one year in jail.
In determining whether the defendant would respond affirmatively to probationary treatment, see Article 894.1(B)(10), the trial judge seemed to assume that only very young offenders should receive probation. The trial judge said:
"Nor can I say that you are particularly likely to respond to probationary treatment. If you were a very young man, I might could view this in a more compassionate fashion from the standpoint of probation, but we think in terms of probation from a rehabilitation standpoint. You are a man 42 or 43 years old. Presumably putting you on probation wouldn'twe are not going to educate you or give you any new job skillsyou have been making a living at one thing or another for many years. You are not going to go back to school. So rehabilitation in your case, it seems to me, Mr. Clark, probably will have to result from your being incarcerated and the rehabilitation coming about as a result of your seeing that this kind of conduct is not approved by society, will not be tolerated, and if it is done it will be at the price of imprisonment."
The primary purpose of probation is to promote the rehabilitation of the criminal by allowing him to reintegrate into society as a constructive individual, without being confined for the term of a prison sentence. State v. Davis, 375 So.2d 69 (La. 1979). The trial judge related defendant's chances of rehabilitation only to whether he could be taught new job skills. As we stated in Davis, however, probation serves a broader purpose. Age and job skills are pertinent to the inquiry only insofar as they aid in a determination of whether the offender once again can be brought back into society as a productive member. Gainful employment for many years before his first criminal offense at age forty-two presages his rehabilitation and reintegration as much as the educability of a youthful offender.
When the sentence imposed by the trial judge is measured by the other criteria in Article 894.1 it appears to be clearly excessive. According to the record, defendant had no previous criminal convictions or history of criminal proclivity. Thus, there was no basis for finding an undue risk that during a period of suspended sentence or probation the defendant would commit another crime or that defendant was in need of a custodial environment. See Article 894.1(A)(1) and (2). In addition the lack of a criminal record is expressly recognized as one of the mitigating factors that a judge should accord weight in determining suspension of sentence or probation. See Article 894.1(B)(7). Finally, given the plight of Clark's family, his lengthy imprisonment will entail excessive hardship to his dependents. See Article 894.1(B)(11).
In light of the recent legislative determination that a year in jail is the maximum sentence that may be imposed for livestock theft and in view of the personal history of the defendant, we conclude that any incarceration for more than one year would be excessive for the crime in this case, which occurred just nine days before the effective *1178 date of the legislature's moderation of the penalty. Furthermore, whether the defendant should receive a suspended sentence or probation must be re-determined on remand in light of Code of Criminal Procedure Article 894.1 and this opinion.
For the reasons assigned, the sentence of the trial court is vacated and this case is remanded for resentencing in a manner not inconsistent with this opinion.
SENTENCE VACATED. REMANDED.
LEMMON, J., concurs.
WATSON, J., concurs in part and dissents in part for reasons assigned.
BLANCHE, J., dissents, being of the opinion that the sentence is not excessive.
MARCUS, J., dissents and assigns reasons.
WATSON, Justice, concurring in part and dissenting in part.
I agree with the majority that this case should be remanded for a further articulation under the guidelines of Art. 894.1; however, I do not agree with the holding that the sentence of thirty months at hard labor is clearly excessive.
Therefore, I respectfully concur in part and dissent in part.
MARCUS, Justice (dissenting).
This court recently held that where the crime of theft of livestock was committed prior to the effective date of the amendment which greatly reduced the penalty for said crime, the preamendment penalty provision would apply to defendant; however, the trial judge should consider the amendment in imposing sentence. State v. Wright, 384 So.2d 339 (La.1980); State v. Doxey, 384 So.2d 402 (La.1980). In the instant case, the trial judge failed to consider the amendment reducing the penalty for theft of livestock and accordingly failed to follow proper sentencing guidelines. Although I agree with the majority's conclusion that the sentence is excessive and that the sentence should be vacated and the case remanded for resentencing, I dissent because the majority has concluded that a sentence of more than one year (which happens to be the maximum sentence under the amendment) would be excessive. The law in this state is that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Wright, supra. An amendment reducing the penalty for a crime is merely a factor to be considered by the trial judge upon imposing sentence.
NOTES
[1] This rule is not followed in all jurisdictions. See, e. g., Belt v. Turner, 25 Utah 2d 380, 479 P.2d 791, aff'd on rehearing, 25 Utah 2d 380, 483 P.2d 425; In re Estrada, 63 Cal.2d 740, 408 P.2d 948, 48 Cal.Rptr. 172 (1965); People v. Oliver, 1 N.Y.2d 152, 134 N.E.2d 197, 151 N.Y. S.2d 367 (1956); see also, Comment, Today's Law and Yesterday's Crime: Retroactive Application of Ameliorative Criminal Legislation, 121 U.Pa.L.Rev. 120, 131-139. Of mitigatory changes in punishment it has been observed that inherent in the change is a legislative determination that the former penalty provision was inappropriate. Comment, supra, at 138. Moreover, it has been held that the inevitable inference to be drawn from such a change in penalties is that the legislative must have intended that the new statute imposing the lighter penalty apply to every case to which it could constitutionally apply. In re Estrada, supra, 408 P.2d at 951. To hold otherwise would be to hold that the legislature was motivated only by an illegitimate desire for vengeance, according to the highest courts of California and New York. They reason that the mitigation of the penalty represents a legislative judgment that the lesser penalty is sufficient to meet the legitimate ends of the criminal law. In re Estrada, supra; People v. Oliver, supra.

The fact that a general savings clause similar to our La.R.S. 24:171 exists is not necessarily an obstacle to application of the lesser penalty provision. General savings statutes were addressed to the problem of "technical" abatement. Under the common law doctrine of abatement a repeal of a criminal statute followed by a re-enactment with different penalties precluded prosecution under the repealed statute, and prosecution under the re-enacted statute was not possible because it was not in effect at the time of the crime. See Hamm v. City of Rick Hill, 379 U.S. 306, 314, 85 S.Ct. 384, 390, 13 L.Ed.2d 300, 306 (1964); Comment, supra, 123-27. See also State v. Henderson, 13 La.Ann. 489 (1858) (no savings clause; conviction reversed); State v. King, 12 La.Ann. 593 (1857) (verbatim re-enactment without savings clause, conviction reversed). It was to do away with these so-called "legislative pardons" that general savings statutes were passed. See State v. Bowie, 221 La. 41, 58 So. 415 (1952); Comment, supra, at 127. Savings statutes "were not designed to negate the intention of the legislature when it mitigates the punishment for an act, and it is evident that the current use of the general savings statutes by the courts abuses that intent." Comment, supra, at 138-139. Thus, the California Supreme Court in Estrada, looking to legislative intent, held that California's general savings clause was not applicable, and applied the mitigatory penalty provision. The court in Estrada also held a provision against retroactivity, similar to our La.R.S. 1:3, to be only a rule of construction that could not negate more probative indicia of legislative intent. 408 P.2d at 952.