802 So.2d 943 (2001)
STATE of Louisiana
v.
Daniel SUGASTI.
No. 01-KA-770.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
*944 Paul D. Connick, District Attorney, Terry M. Boudreaux, Alison Wallis, Kia Habistreitinger, Assistant District Attorneys, 24th Judicial District, Parish of Jefferson, Gretna, LA, Counsel for, State of Louisiana, Plaintiff-Appellant.
Lane Rutherford Trippe, New Orleans, LA, Counsel for, Daniel Sugasti, Defendant-Appellee.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On June 14, 1999, the defendant, Daniel Sugasti, was charged by bill of information with possession of a controlled dangerous substance, to wit: heroin, in violation of LSA-R.S. 40:966C. He pled not guilty on January 10, 2001. On March 13, 2001, a "Request for Drug Court Consideration" was filed and on March 15, 2001, the defendant was accepted to the Jefferson Parish Intensive Probation Drug Court Program.
On June 21, 2001, the defendant entered into a negotiated plea agreement with the State. The trial court advised the defendant of his constitutional rights. The defendant waived these rights and the trial court accepted his plea of guilty as freely and voluntarily given. Thereafter, the trial court sentenced the defendant to five years at hard labor on the heroin charge.[1] The sentence was suspended and the defendant was placed on five years of active probation. He was also ordered to pay a $5,000.00 fine, court costs, and a commissioner's fee. The State objected to the imposition of this sentence on the grounds that it was illegally lenient. The State then moved for and was granted this appeal.

LAW AND DISCUSSION
The defendant contends that this Court does not have jurisdiction to hear this State appeal. He argues that LSA-C.Cr.P. art. 912B does not provide that the State may appeal from a "judgment which imposes sentence." Thus, he argues that the State must seek review of the sentencing issue in this case by an application for writ of review. LSA-C.Cr.P. art. 882B(2). We disagree.
LSA-C.Cr.P. art. 912 provides, in pertinent part:
A. Only a final judgment or ruling is appealable.
B. The state cannot appeal from a verdict of acquittal. Adverse judgments or rulings from which the *945 state may appeal include, but are not limited to, judgments or rulings on:
1) A motion to quash an indictment or any count thereof;
2) A plea of time limitation;
3) A plea of double jeopardy;
4) A motion in arrest of judgment;
5) A motion to change the venue;
6) A motion to recuse....
(Emphasis added).
A final judgment is one which puts an end to the proceedings. State v. Quinones, 94-436 (La.App. 5 Cir. 11/29/94), 646 So.2d 1216, 1217. Therefore, a judgment which imposes sentence is a final judgment. In the instant case, the State appeals the defendant's sentence which is a final judgment and is appealable pursuant to LSA-C.Cr.P. art. 912.
Furthermore, LSA-C.Cr.P. art. 881.2B(1)(a) allows the State to appeal or seek review of a sentence, if the sentence imposed was not in conformity with the mandatory requirements of the statute under which the defendant was convicted or any other applicable mandatory sentence provision. In order to seek such redress, the State must object at the time of sentencing or file a motion to reconsider sentence. LSA-C.Cr.P. art. 881.2B(2).
On appeal, the State argues that the sentence imposed does not conform to the requirements of the statute under which the defendant pled guilty, and the State objected to the suspension of sentence at the time of its imposition. Therefore, the matter is properly before this Court on appeal pursuant to LSA-C.Cr.P. art. 881.2, as well as LSA-C.Cr.P. art. 912.
The crime for which the defendant pled guilty and was sentenced, namely possession of heroin, occurred on September 5, 1998. At the time of the commission of this offense, LSA-R.S. 40:966C provided, in pertinent part:
It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner or as provided in R.S. 40:978, while acting in the course of his professional practice, or except as otherwise authorized by this Part. Any person who violates this Subsection with respect to:
1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk), shall be imprisoned at hard labor for not less than four years nor more than ten years without benefit of probation or suspension of sentence, and may in addition, be required to pay a fine of not more than five thousand dollars.
(Emphasis added.)
Effective June 15, 2001, LSA-R.S. 40:966C(1) was amended to delete the language "without benefit of probation or suspension of sentence." 2001 La. Acts, No. 403. The amendment to this provision was specified to have "prospective effect" only. 2001 La. Acts, No. 403, Section 6.
In the present case, the defendant was sentenced on June 21, 2001, which was after the effective date of the amendment to LSA-R.S. 40:966C(1). However, the underlying offense occurred prior to the date of these amendments. The trial court suspended the sentence imposed and placed the defendant on active probation, pursuant to the newly amended LSA-R.S. 40:966C. At the time that the sentence was imposed, the State specifically objected to the suspended sentence as being illegally lenient. The State argued that the defendant should be sentenced pursuant to LSA-R.S. 40:966C(1) as it existed *946 before the amendment, because the law in effect at the time of the commission of the offense controls. The defendant argued that the new amendment under Act 403 applies to those cases where the defendant is sentenced after the effective date of the statute.
On appeal, the State argues that the trial court erred when he applied the amended version of LSA-R.S. 40:966C(1), and did not impose a sentence according to the law in effect at the time that the crime was committed. We agree.
In State v. Wright, 384 So.2d 399, 401 (La.1980), the Louisiana Supreme Court held that "the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer." This rule of law has been consistently applied in the courts of this state. In State v. Thomas, 464 So.2d 470, 472 (La.App. 1 Cir.1985), the First Circuit stated that it is the penalty provision at the time of the commission of the offense, not the time of sentencing, that is applicable. In State v. Lapoint, 93-1141 (La.App. 3 Cir. 4/6/94), 635 So.2d 554, 559, vacated on other grounds and remanded, 94-1173 (La.9/23/94), 642 So.2d 1304, the Third Circuit recognized the general law that a criminal defendant is to be sentenced under the statute in effect at the time of the commission of the crime. In State v. Bryan, 535 So.2d 815, 820 (La. App. 2 Cir.1988), the Second Circuit held that a criminal offense is punishable according to the statutory penalties in effect when the offense was committed.
The defendant argues that even if the penalty at the time of the offense is generally applicable, his suspended sentence was permissible because the trial judge was obliged to consider that the legislature had reduced the penalty for this offense when he sentenced him. He asserts that the trial judge effectuated the intent of the legislature in reducing the penalty for this offense when he suspended his sentence.
In support of his position, the defendant relies on State v. Clark, 391 So.2d 1174 (La.1980). In Clark, the defendant argued that his sentence was excessive. In evaluating excessiveness, the Louisiana Supreme Court concluded that the ameliorative changes in the penalty provision of a statute which occurs after the commission of the offense is a factor to be weighed by the trial judge in imposing sentence. Id. at 1176. However, the Supreme Court noted that "it is the rule in this state that the penalty provision in effect at the time of the offense is the applicable provision." Id. Although Clark indicates that the trial judge should consider the ameliorative changes in the law, it does not provide that the trial judge should derogate from the penalty provision in effect at the time of the commission of the offense. In State v. Jones, 99-2207 (La.App.1/29/01), 778 So.2d 1131, 1134, the Louisiana Supreme Court stated that "the legislature's subsequent changes in pertinent law remain a relevant sentencing consideration within the limits fixed by law at the time of the commission of the crime." (Emphasis added).
In the instant case, the defendant committed the crime of possession of heroin on September 5, 1998, which is prior to the effective date of the amendment to LSA-R.S. 40:966, which was June 15, 2001. Although the trial judge was permitted to consider the ameliorative changes in the law, he erred when he suspended the defendant's sentence in derogation of the sentencing provisions applicable at the time of the offense. Therefore, the defendant's sentence is illegal and must be vacated. Furthermore, we reserve the defendant's right to withdraw his guilty plea, because a plea agreement which affords the defendant an illegally lenient sentence is an absolute nullity which cannot be confirmed *947 on appeal. State v. Guilbeaux, 99-591 (La.App. 5 Cir. 11/10/99), 749 So.2d 16, 19.
The record was reviewed for errors patent, pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). One error was noted.
At the time of sentencing, the trial judge advised the defendant that he had "two years from today's date to seek post-conviction relief." (Emphasis added). Pursuant to LSA-C.Cr.P. art. 930.8, the prescriptive period for post-conviction relief runs from the finality of the conviction and sentence. However, considering our ruling to vacate the defendant's sentence, this issue is moot and no corrective action is necessary.
Accordingly, we vacate the defendant's sentence and we remand to the trial court for further proceedings, reserving the defendant's right to withdraw his guilty plea.
SENTENCE VACATED; CASE REMANDED.
NOTES
[1] The defendant was also sentenced on that date to five years at hard labor for possession of alprazolam and six months for possession of marijuana, with the sentences ordered to run concurrent. These sentences were suspended and the defendant was placed on five years of active probation.