820 So.2d 1144 (2002)
STATE of Louisiana
v.
Bevelyn L. COOK.
No. 02-KA-104.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2002.
Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant D.A., Bradley R. Burget, Assistant D.A., Gretna, LA, for Plaintiff-Appellee.
Jane L. Beebe, Louisiana Appellate Project, Gretna, LA, for Defendant-Appellant.
(Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and WALTER J. ROTHSCHILD).
EDWARD A. DUFRESNE, Jr., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Bevelyn Cook, with distribution of cocaine, a violation of LSA-R.S. 40:967A. At the time of the commission of the offense, June 11, 2001, LSA-R.S. 40:967B(4)(b) provided that the sentencing range for distribution of cocaine was not less than five years and not more than thirty years, with the first five years to be served without parole, probation, or suspension of sentence. After commission of *1145 the crime, but before sentencing, the legislature, by 2001 La. Acts, No. 403, amended the statute to reduce the mandatory minimum sentence to two years without benefit of parole, probation, or suspension of sentence. The act, which became effective on June 15, 2001, specifically provided that its provisions "shall only have prospective effect."
On September 6, 2001, subsequent to the effective date of the amended sentencing provision, defendant withdrew his former plea of not guilty, and after being advised of his Boykin[1] rights, pled guilty as charged. The issue of which sentencing provision was applicable to defendant was discussed at the guilty plea and sentencing proceedings. The trial judge felt obliged to follow the law in effect at the time of the commission of the offense, and accordingly, sentenced defendant to five years at hard labor, without benefit of parole, probation, or suspension of sentence. However, the trial judge stated the following about the amended penalty provision:
If the Supreme Court comes in and changes what we thinkthe law in effect at the time you committed the crime was five years at hard labor. If they come in and say that the sentencing provisions of the new law apply to the old crime, I will allow you to withdraw this plea, enter a new plea, and resentence you to the new amount that the Supreme Court says is available, the minimum amount that the Supreme Court says will be available under that.
. . . .
And the new law says two years without benefits. So if that happens, I will resentence you then.
Subsequent to the imposition of sentence, defendant filed a motion to reconsider sentence, asking that the trial court resentence him to two years, the minimum sentence under the revised sentencing provisions. The prosecutor argued against resentencing, stating:
Your Honor, in response, the date of this crime was June 11 of 2001. The legislature changed the law the 15th day of June of this year, and the bill was passed prospectively only upon the governor's signature. Therefore, any crimes that occurred before that date, the new law does not apply to. Only crimes that occurred on the 15th day of June and later.
The trial judge responded, "Okay. I believe that'sI believe that's legally correct, until the Supreme Court tells me otherwise, so I will deny the motion."
Defendant now appeals asserting that the sentence imposed is excessive. He specifically contends that the court should have applied the new sentencing provisions enacted by 2001 La. Acts, No. 403, and not the provisions in effect at the time he committed the instant offense.
It is well settled that "the law in effect at the time of the commission of the offense is determinative of the penalty which the accused must suffer." State v. Wright, 384 So.2d 399, 401 (La.1980). The fact that a statute is subsequently amended to lessen the possible penalty does not extinguish liability for the offense committed under the former statute. State v. Narcisse, 426 So.2d 118, 130 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983).
In State v. Sugasti, 01-770 (La.App. 5 Cir. 11/27/01), 802 So.2d 943,[2] this court *1146 considered the applicability of 2001 La. Acts, No. 403 to a defendant who was charged with possession of heroin in violation of LSA-R.S. 40:966C. In that case, at the time of the commission of the offense, suspension of sentence was not allowed for the crime of possession of heroin. Effective June 15, 2001, LSA-R.S. 40:966C was amended by Act No. 403 to delete the sentencing provision that the sentence was to be served without benefit of probation or suspension of sentence. The trial judge imposed the more lenient amended sentencing provision, despite the fact that it became effective after the commission of the offense. Applying the well established jurisprudence that the sentencing provision in effect at the time of the commission of the offense governs, this court vacated defendant's sentence, finding that the trial court erred in sentencing defendant under the amended version of LSA-R.S. 40:966C. See also State v. Flagg, 01-965 (La.App. 5 Cir. 3/26/02), 815 So.2d 208.
As part of his argument on appeal, defendant, relying in part on State v. Clark, 391 So.2d 1174 (La.1980), asserts that even if the new penalty provision in Act No. 403 is found not to be applied retroactively, the trial court should at least be required to consider the legislative intent behind the revision in determining the appropriate sentence. In State v. Sugasti, 802 So.2d at 946, this court was faced with the same argument and stated as follows:
In support of his position, the defendant relies on State v. Clark, 391 So.2d 1174 (La.1980). In Clark, the defendant argued that his sentence was excessive. In evaluating excessiveness, the Louisiana Supreme Court concluded that the ameliorative changes in the penalty provision of a statute which occurs after the commission of the offense is a factor to be weighed by the trial judge in imposing sentence. Id. at 1176. However, the Supreme Court noted that "it is the rule in this state that the penalty provision in effect at the time of the offense is the applicable provision." Id. Although Clark indicates that the trial judge should consider the ameliorative changes in the law, it does not provide that the trial judge should derogate from the penalty provision in effect at the time of the commission of the offense. In State v. Jones, 99-2207 (La.1/29/01), 778 So.2d 1131, 1134, the Louisiana Supreme Court stated that "the legislature's subsequent changes in pertinent law remain a relevant sentencing consideration within the limits fixed by law at the time of the commission of the crime." (Emphasis added).
In the present case, the trial judge considered the amendments to the penalty provision prior to the imposition on sentence on defendant, but under the prevailing jurisprudence, applied the penalty provision in effect at the time of the commission of the offense. Based on well established law, we find that the trial judge did not err in applying the sentencing provision in effect at the time of the commission of the offense. In addition, we find that the imposed sentence of five years was not excessive. It was the mandatory minimum under the applicable penalty provision and defendant failed to show any circumstances which would justify a downward departure from the mandatory minimum. We further note that the trial judge agreed to revisit the issue if the Louisiana Supreme Court subsequently found the amendments to have retroactive application. The judge specifically told defendant that he would be allowed to file a motion to withdraw plea, and further that the trial judge would resentence defendant to two years if the court found the provisions to have retroactive application. *1147 Thus, we find defendant's arguments to be without merit.
We have also reviewed the record for errors patent, pursuant to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). No errors were noted.
For the reasons set forth herein, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] Writs were applied for and granted in the Louisiana Supreme Court. The results are pending.