hPER CURIAM.
The defendant, Jeffrey Lynn Johnson, entered a plea of guilty to the charge of possession of marijuana with intent to distribute and was sentenced to serve five years at hard labor. He now appeals his sentence as excessive. For the following reasons, we affirm the conviction and sentence.
FACTS
During the late hours of January 19, 2000, Bossier narcotics officers received information that the defendant was coming to Bossier with a large amount of marijuana. In the early morning hours of January 20, 2000, law enforcement officials observed the defendant driving a vehicle and stopped him at the Benton Road exit from 1-220. The defendant was found to be carrying approximately three pounds of marijuana. He was arrested and charged by *583 bill of information with possession of marijuana with intent to distribute, in violation of La. R.S. 40:966A.
On September 18, 2000, the defendant withdrew his former plea of not guilty and entered a plea of guilty to the charged offense. The defendant was informed of the rights waived by the entry of a guilty plea, as well as the minimum and maximum penalty for the offense charged. The trial court found sufficient evidence upon which to base the plea of guilty and accepted the defendant’s plea as freely and voluntarily given. A pre-sentence investigation report (PSI) was ordered.
The defendant appeared before the court for sentencing on April 9, 2001. He was ordered to serve five years at hard labor, with credit for time l2served. The defendant appealed, claiming the sentence imposed is excessive.[1]
APPLICABLE LAW
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La._ C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance, so long as the record reflects that he adequately considered the guidelines of the’ article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La.C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La.C.Cr.P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
a Before imposing sentence, the trial court recounted the facts of the instant offense. The trial court reviewed thé defendant’s PSI which included information that the Caddo Parish Sheriffs Department had also seized more than four pounds of marijuana and a quantity of pills from the defendant’s residence based upon a tip frqm an informant. The court noted that the defendant’s adult criminal history began in 1996 in Bossier City with possession of marijuana and drug paraphernalia charges. He was convicted of possession of marijuana, given a suspended sentence and placed on probation for one year. The drug paraphernalia charge was nolle prossed.
The trial court also noted the defendant’s age (39 years old), birthplace (California), education (graduated from Huntington High School in Shreveport) and work history (bulldozer operator for the Caddo Levee Board for four or five years, and assembly worker at General Motors for 17 years). It observed that a lesser sentence would deprecate the seriousness of the offense and found that the defendant is in need of treatment which can *584 most effectively be provided by a period of incarceration.
Taken into consideration as mitigating factors were the defendant’s first felony offender status and his lengthy employment history. The trial court found that the minimum senténce was appropriate in this case, and sentenced the defendant to incarceration at hard labor for a period of five years. The defendant was given credit for time served on this sentence only. The record reflects that the trial court adequately articulated the factors considered in imposing the sentence upon this defendant.
4 The second prong of the test to determine whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial court is not required to render a suspended sentence or probation on a first (or qualifying second) felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Bradford, supra; State v. Woodman, 28,-004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696.
The trial court has wide discretion to sentence within the statutory limits. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir.4/2/97), 691 So.2d 345.
La. R.S. 40:966B(2) provides the punishment for a person who commits the crime of possession with the intent to distribute marijuana, a Schedule I controlled dangerous substance:
|KAny other controlled dangerous substance classified in Schedule I, shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years and pay a fine of not more than fifty thousand dollars.
The defendant argues that the trial court abused its discretion by failing to suspend his sentence and failing to place him on probation. He contends that the only factor used to justify the sentence was the standard statement that a lesser sentence would deprecate the seriousness 'of the offense, and that the defendant was in need of treatment which can most effectively be provided by incarceration.
He argues that appellate courts have the authority to review a sentence as excessive even if it falls within the penalty range allowed by statute. The defendant submits that the record indicates that his personal history and the relevant statutory factors mandate that his sentence be suspended and that he be placed on probation.
The defendant cites State v. Clark, 391 So.2d 1174 (La.1980), as similar to his own situation. In that case, the defendant was convicted by a jury of theft of livestock, La. R.S. 14:67.1, and sentenced to serve 30 months imprisonment at hard labor. The court found that, on the facts of the case, a *585 sentence of 30 months at hard labor was clearly excessive. The court noted that in State v. Sepulvado, 367 So.2d 762 (La.1979), it held that the guidelines of La. C.Cr.P. art. 894.1 provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives. Applying these criteria, the | r,court concluded that a sentence of more than one year would be excessive on the facts of this case. In Clark, supra, the record reflected that the defendant was a man of 42 years of age with no prior criminal record. He was married to a woman who was not in good health, he was contributing to the support of his three minor children, and he was gainfully employed. The court also noted that the maximum sentence for theft of livestock was reduced to one year, effective nine days after the offense.
The facts in State v. Clark, supra, are distinguishable from those in the present case. In this case, although the defendant is middle-aged, has no prior felony conviction and has a stable work history, he does have a prior criminal record.
We find that the sentence imposed is tailored to the offender and the offense. The trial court did not abuse its discretion in imposing sentence. The defendant’s claims that the sentence is excessive are without merit.
CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Jeffrey Lynn Johnson.
AFFIRMED.

. Even though the defendant in this case failed to file a motion to reconsider sentence under La.C.Cr.P. art. 881.1, we will consider the claim that the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164.