839 So.2d 256 (2003)
STATE of Louisiana
v.
Rodney A. MARTIN.
No. 02-KA-897.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
*257 Paul D. Connick, Jr., District Attorney, Terry Boudreaux, Assistant District Attorney, Gretna, LA, for The State of Louisiana, Plaintiff/Appellee.
Gwendolyn K. Brown, Baton Rouge, LA, for Rodney A. Martin, Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
On August 23, 2000, the Jefferson Parish District Attorney filed a bill of information charging defendant, Rodney A. Martin, with Count 1, distribution of cocaine in violation of LSA-R.S. 40:967(A), which allegedly occurred on January 12, 2000; Count 2, distribution of cocaine in violation of LSA-R.S. 40:967(A), which allegedly occurred on January 12, 2000; Count 3, distribution of cocaine in violation of LSA-R.S. 40:967(A), which allegedly occurred on December 15, 1999; and Count 4, distribution of cocaine in violation of LSA-R.S. 40:967(A), which allegedly occurred on December 15, 1999. Defendant was arraigned on August 24, 2000 and pled not guilty. On December 12, 2000, defendant withdrew his pleas of not guilty and entered pleas of guilty on all four counts. On that same day, defendant initialed and signed a "waiver of constitutional rights plea of guilty" form. On January 8, 2001, the trial court sentenced defendant to imprisonment at hard labor for 25 years on each count to run concurrently. Defendant filed a motion for reconsideration of sentences on February 2, 2001. On February *258 6, 2002, the trial court granted the motion for reconsideration of sentences, vacated the original sentences, and sentenced defendant to imprisonment at hard labor for 15 years on each count to run concurrently. Defendant orally objected to the sentences and moved for an appeal. This appeal followed.
FACTS
On December 12, 2000, defendant advised the trial court he wished to withdraw his pleas of not guilty and enter pleas of guilty on all counts. The trial judge advised defendant of his constitutional rights. He told defendant he would be sentenced to 25 years at hard labor on all counts to run concurrently, that the state intended to file a multiple bill against him, and that he would receive the same 25-year sentence on the multiple bill. Defendant signed and initialed the "waiver of constitutional rights plea of guilty" form, which set forth the same terms as stated by the trial judge in court. Defendant waived his constitutional rights and entered a plea of guilty.
The prosecutor stated that there was a factual basis for the offenses, that all of the offenses occurred by hand-to-hand transaction with an undercover Jefferson Parish Sheriff's officer, and that the transactions on Counts 1 and 2 were videotaped. The trial judge stated he was satisfied there was a factual basis to support the pleas, that he believed defendant was making a knowing and intelligent waiver of his rights, and that defendant had done so freely and voluntarily. The trial judge subsequently accepted the pleas. Defendant requested that sentencing and the multiple bill hearing be delayed.
On January 8, 2001, after an off-the-record discussion, the trial judge stated that, on December 12, they had agreed that defendant would get a 25-year sentence on the four counts, that defendant would plead guilty to the multiple bill, and that defendant would get a 25-year sentence on the multiple bill. The trial judge stated it was now his understanding that defendant was ready for sentencing on the cocaine charges, but that he would not admit the allegations of the multiple bill. Defendant said that was correct. The trial judge informed defendant, at the request of defense counsel and the prosecutor, that if he did not admit the allegations of the double bill, the state was going to charge him as a triple offender. Defendant said he understood. The trial judge advised defendant that he could get a greater sentence, and defendant said he understood. The prosecutor then stated that it might bill him as a quad offender, and defendant said he understood. The trial judge told defendant that it was still his intent to sentence him to 25 years. He asked defense counsel whether he needed to talk to defendant. Defense counsel said, "No, Your Honor, you can go ahead with the plea." The trial judge subsequently sentenced defendant to 25 years on all four counts to run concurrently.
On February 6, 2002, during a hearing on defendant's motion to reconsider sentence, the following exchange occurred:
MR. BUTLER: [The prosecutor]
Judge, this is here on defendant's motion to reconsider sentence. We have discussed or had an off the record pretrial as to what a sentence would be and it's the State's position that we would not object if the court amended the sentence to one of 15 years and the State would not file a multiple bill.
THE COURT:
All right, Mr. Benz, does that satisfy your motion?
MR. BENZ: [Defense counsel]
Well, no, Your Honor. I still think it ought to be reduced lower than that.

*259 The initial agreement was seven with the D.A.'s office and Mr. Regan? [sic]
THE COURT:
The initial agreement was seven?
MR. BENZ:
That's my understanding with Mr. Regan. It's up to Your Honor.
THE COURT:
I realize that. When you say initial agreementI was unaware of any agreement
MR. BENZ:
No, we had no written agreement but that's what we talked about when I filed my motion.
MR. BUTLER:
Judge, if we could pass on this matter so that we can determine whether that's something that occurred. Perhaps Mr. Benz could contact Mr. Regan.
THE COURT:
That's all right with me.
(A recess was held)
MR. BUTLER:
If we can return to number 1, Rodney Martin, Your Honor. The State will reiterate its earlier statement for the court that based upon my review of the file and I believe that a 15 year sentence would be applicable in this case and I would have no objection to a 15 year sentence? [sic] The state had previously agreed not to multiple bill and of course we would not be seeking ato multiple bill him on that 15 year sentence. I don't believe that there was, at least in my discussions with my office, their recollection is that there was an agreement that it would be amended to 15 years, not seven, so I would stand by that earlier statement, Your Honor.
THE COURT:
Mr. Benz, you called them up there too?
MR. BENZ:
Yes, Your Honor, and Mr. Regan's recollection is different from mine.
THE COURT:
All right, considering the agreement of both sides here and my knowledge of the case, I'm in agreement with that consent or that motion. The court finds that the sentence is disproportional and I therefore re-sentence the defendant to 15 years at hard labor on each count to run concurrently. The first one was 25 on each to run concurrently, all right, and this one is 15 on each.
MR. BUTLER:
As a formality, Your Honor, would you need to vacate the original sentence?
THE COURT:
Excuse me, yes. I'm sorry. The court vacates the previous sentence and re-sentences the defendant to 15 years, all to run concurrently....
The record shows that defense counsel then objected to the excessiveness of the sentence and moved for an appeal.
DISCUSSION
In two assignments of error, defendant argues that the trial court erred in imposing excessive sentences and in failing to comply with the procedures specified in LSA-C.Cr.P. art. 894.1. Defendant contends these issues can be reviewed on appeal, even though the sentences were imposed in conformity with a plea agreement, because the trial court found the original sentences were disproportional and vacated them. He claims the sentences were excessive because no one was injured, endangered, or threatened during the commission of the crime, and no property loss was sustained.
The state responds that the sentence was statutorily permissible, that the trial *260 judge did not abuse his discretion, and that the sentences should not be set aside.
The record in this case indicates that defendant, with the assistance of counsel, pled guilty in a negotiated plea agreement. He agreed to plead guilty to four counts of distribution of cocaine in exchange for the court's promise that his sentence would be 25 years on all counts to run concurrently. He also agreed to admit the allegations of the multiple bill and be sentenced to 25 years. Defendant subsequently refused to admit the allegations of the multiple bill, but he agreed to the 25-year sentences on all four counts to run concurrently. Defendant did so even though he knew the prosecutor might file a multiple bill alleging him to be a third or fourth felony offender and, therefore, that his sentence might be higher than 25 years if found to be a multiple offender. The trial judge subsequently sentenced defendant to 25 years on all counts to run concurrently.
Defendant filed a motion for reconsideration of sentence. Defense counsel and the prosecutor attempted to renegotiate the sentence in off-the-record discussions. The prosecutor stated he agreed to a 15-year sentence and not to multiple bill defendant. Defense counsel argued it should be seven years based upon the off-the-record discussions. The trial judge considered the issue of excessiveness, granted the motion for reconsideration of sentence, vacated the original sentence, and sentenced defendant to 15 years on all counts to run concurrently.
A defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. LSA-C.Cr.P. art. 881.2(A)(2); State v. Johnson, 02-254 (La.App. 5 Cir. 6/26/02), 822 So.2d 840, 843-844. In a case in which a specific sentence or sentence cap has been agreed to as a consequence of a plea agreement, a sentence imposed within the agreed upon range cannot be appealed as excessive and there is no need for the trial court to give reasons for the sentence as required by LSA-C.Cr.P. art. 894.1. State v. Bell, 412 So.2d 1335, 1336 (La.1982); State v. Alexander, 34,328 (La. App. 2 Cir. 12/06/00), 774 So.2d 1089, 1090.
Defendant agreed to a 25-year sentence and ultimately received a 15-year sentence. Therefore, we find that defendant is precluded from seeking review of his sentence on appeal, since the sentence was imposed in conformity with a plea agreement set forth in the record at the time of the plea. Nevertheless, we have reviewed the merits of defendant's claim, and we fail to find that the sentence imposed was excessive.
Defendant orally objected to the excessiveness of the sentence at the sentencing hearing, but he did not urge any specific grounds in support of his objection, including the trial court's failure to adhere to LSA-C.Cr.P. art. 894.1. Additionally, he failed to file a motion for reconsideration of the sentence as required by LSA-C.Cr.P. art. 881.1.[1] The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Hester, 99-426, p. 10 (La.App. 5 Cir. 9/28/99), 746 So.2d 95, 103, writ denied, XXXX-XXXX (La.4/20/00), 760 So.2d 342. Accordingly, defendant's sentence is examined only for constitutional excessiveness.
*261 Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Trial judges are granted great discretion in imposing sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065, 1068-1069. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La.App. 5 Cir. 8/31/99), 746 So.2d 58, 64, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
Defendant was convicted of four counts of distribution of cocaine and sentenced to imprisonment at hard labor for 15 years on each count to run concurrently. LSA-R.S. 40:967(A). At the time the crimes were committed (December 15, 1999 and January 12, 2000), LSA-R.S. 40:967(B)(4)(b) provided for a term of imprisonment at hard labor of not less than five years nor more than 30 years, with the first five years of said sentence being without benefit of parole, probation, or suspension of sentence, and a possible fine of not more than fifty thousand dollars.[2]
In State v. Lucas, 00-258 (La.App. 5 Cir. 8/29/00), 767 So.2d 921, 926-927, defendant was convicted of distribution of cocaine and sentenced to 15 years of imprisonment at hard labor. This Court found that the sentence was not excessive in light of his previous convictions for attempted murder and armed robbery, and because this Court had recently upheld a similar sentence for the distribution of cocaine in State v. Williams, 99-737 (La.App. 5 Cir. 11/30/99), 748 So.2d 1212.
In State v. Champ, 01-434 (La.App. 5 Cir. 11/27/01), 803 So.2d 167, 169-170, this Court found that a 20-year sentence for a conviction of distribution of cocaine was not excessive, even though a relatively small amount of cocaine was involved, defendant's criminal history record reflected prior convictions for felonies and misdemeanors over a period of 27 years, there was no indication of mitigating factors which would compel a lesser sentence, and defendant's sentencing exposure was significantly reduced by the state's dismissal of the multiple bill.
In the instant case, the trial judge could have sentenced defendant to 30 years on all four counts to run concurrently; however, defendant received a mid-range sentence of 15 years. The trial judge could also have ordered the sentence on Count 3 or 4 to run consecutively rather than concurrently to the sentence on Count 1 or *262 2, since Counts 3 and 4 were committed on different days than Counts 1 and 2. LSA-C.Cr.P. art. 883. If the trial judge had done so, defendant could have received a sentence of up to 60 years. Additionally, defendant received a substantial benefit when the state agreed not to multiple bill him. According to the state, defendant could have been billed as either a second, third or fourth felony offender. Had defendant been found to be a multiple offender, he could have received a sentence much longer than 15 years, depending on the predicate offenses. Furthermore, the jurisprudence supports the 15-year sentence.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors which require corrective action.
Based on the foregoing, we find defendant's 15-year sentence was not constitutionally excessive. Accordingly, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.
NOTES
[1] Even in the first motion to reconsider sentence defendant filed, defendant did not raise the claims he raises now on appeal.
[2] 2001 La. Acts, No. 403, which became effective on June 15, 2001, amended 40:967(B)(4)(b) to provide a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence. It is well settled that "the law in effect at the time of the commission of the offense is determinative of the penalty which the accused must suffer." State v. Cook, 02-104 (La.App. 5 Cir. 5/29/02), 820 So.2d 1144, 1145 (citing State v. Wright, 384 So.2d 399, 401 (La. 1980)). The fact that a statute is subsequently amended to lessen the possible penalty does not extinguish liability for the offense committed under the former statute. State v. Cook, 820 So.2d at 1145 (citing State v. Narcisse, 426 So.2d 118, 130 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983)).