hSUSAN M. CHEHARDY, Judge.
Defendant, Tyrone Williams, appeals his sentence after his conviction for possession with intent to distribute cocaine. For the following reasons, we affirm defendant’s conviction and sentence.
On May 24, 2001, the Jefferson Parish District Attorney’s Office filed a bill of information charging defendant, Tyrone Williams, with possession with intent to distribute cocaine, in violation of La. R.S. 40:967 A. Defendant was arraigned on May 25, 2001, and pled not guilty.
On July 10, 2001, pursuant to a plea agreement, defendant withdrew his former plea of not guilty and entered a plea of guilty as charged. The trial judge sentenced defendant to five years at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant made a timely oral motion for appeal.
On July 25, 2001, defendant filed a Motion to Reconsider Sentence, which was denied in open court on August 24, 2001. Defendant filed a Motion for Out of Time Appeal on October 3, 2001, which was granted.
| JFacts
Because defendant’s conviction arises from a guilty plea, the record contains limited information regarding the events surrounding the charged crime. At the time of defendant’s guilty plea, however, the prosecutor stated that the State could prove that on May 8, 2001, Deputy Russell Blanchard observed the defendant “place a clear bag of vegetable matter on the coun-tertop of a business.” After defendant was detained and advised of his constitutional rights, the deputy retrieved the bag and field-tested the contents, which tested positive for marijuana. During the investigation, the defendant made a statement to another officer that he had more narcotics in a cigarette pack on the front seat of his vehicle. The officer retrieved the cigarette pack from the vehicle’s front seat and discovered nineteen off-white rocks, which field-tested positive for crack cocaine.

Law and Argument

In his sole assignment of error, defendant argues that his sentence is excessive. Defendant contends on appeal, as he did in the lower court, that the trial court erred in applying the statutory sentencing provision that was in effect at the time of the offense, rather than the provision in effect at the time of sentencing.
On the date of defendant’s offense, which was May 8, 2001, La. R.S. 40:967 B(4)(b) provided that an offender that was convicted of possession of cocaine with intent to distribute was to serve not less than five years and not more than thirty years in prison, with the first five years to be served without parole, probation, or | ¿suspension of sentence. After the commission of the crime, but before sentencing, the Louisiana Legislature amended the statute to reduce the mandatory minimum sentence to two years without benefit of parole, probation, or suspension of sentence. See 2001 La. Acts, No. 403.[1] In *394 this case, the trial judge applied the statutory provisions in effect at the time of the offense and sentenced defendant to five years without benefit of parole, probation, or suspension of sentence.
Defendant argues that the new law should be applied to all sentences imposed after its effective date because the new law only changed the penalties for the offense. We, like the trial judge, find no merit in defendant’s argument.
The Louisiana Supreme Court has consistently held that the applicable sentencing scheme is the one in effect at the time the offense is committed. State v. Sugasti, 01-3407, p. 4 (La.6/21/02), 820 So.2d 518, 520; State v. Wright, 384 So.2d 399, 401 (La.1980). See also, State v. Bates, 03-352, p. 7 (La.App. 5 Cir. 7/29/03), 853 So.2d 71, 75, writ denied, 03-2565 (La.2/6/04), 865 So.2d 740. Although defendant relies on State v. Clark, 391 So.2d 1174 (La.1980) to support his argument, we note that the Clark court reiterated “the rule in this state that the penalty provision in effect at the time of the offense is the applicable provision.” Id. at 1176.[2]
Further, the record reflects that the trial judge did consider the changes in the law and acknowledged defendant’s intention of raising the issue on appeal. Moreover, defendant’s sentence is not excessive but rather reflects the minimum sentence allowed under the applicable version of the statute. Accordingly, we' find no error in the sentence imposed by the trial judge.
|ñAs is our practice, we have reviewed the record for errors patent pursuant to La.C.Cr.P. art. 920. We have found no errors that require correction. Accordingly, we affirm defendant’s conviction and sentence.

AFFIRMED.

. The act, which became effective on June 15, 2001, specifically provided that its provisions "shall only have prospective effect.”

. The Clark court, in evaluating an excessiveness claim, found that the ameliorative changes in the penalty provision of a statute which becomes effective after the commission of the offense is a factor to be weighed by the trial judge in imposing sentence. Id. at 1176.