PER CURIAM.
| t Granted. The decision of the court of appeal is reversed and defendant’s habitual offender sentence is reinstated.
A remand for resentencing on a complete record of the court’s reasons is necessary only when the defendant shows a substantial possibility that the sentence imposed is excessive. State v. Wimberly, 414 So.2d 666, 672 (La.1982). However, in the present case, the trial court imposed the mandatory minimum term of imprisonment provided by the legislature for a second felony offender convicted of distribution of marijuana, La.R.S. 40:966(B)(3); R.S. 15:529.1(A)(1)(a), and defendant made no showing below that he is the exceptional offender for whom a mandatory minimum penalty specified by the legislature is excessive as applied to him. State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 677. In this regard, the ameliorative sentencing provisions enacted by 2001 La. Acts 403 have no bearing on defendant’s sentence, either directly or as a guide for what a trial judge might deem an appropriate punishment, see State v. Clark, 391 So.2d 1174, 1176 (La.1980)2 (“Inherent in mitigatory changes in penalty provisions of an offense is a legislative determination ... that a lesser penalty is sufficient to meet the legitimate ends of the criminal law.”) (citations omitted), as they did not change either the penalty provided for distribution of marijuana as a matter of La.R.S. 40:966(B)(3), or the sentencing range provided for a second offender by La.R.S. 15:529.1(A)(1)(a).
JOHNSON, J., would deny.